Forrest B. Morgan, Tr. vs. Joseph G. Spelman, et al. Eq. No. 10104.

May 29, 1930.

BLODGETT, P. J. Submitted to the Court to determine amount of fee to be allowed trustee.

Present trustee succeeded his father. Up to January, 1930, the fees paid amounted to $3,310. Present trustee asks to be allowed $2500 on final accounting and distribution of estate, holder of life estate being deceased.

The amount of the estate is about $80,000. The parties interested in said trust are all beneficiaries under the will of Joseph Spelman. The amount charged as trustee is set out in a bill of particulars and includes every item of service and advice to the parties interested.

The amount of the fee is contested by the parties on the ground that for such services as a trustee, such as a trust company, if trustee, would render, too great a percentage on the amount involved is charged, especially in view of the fact that up to January of this year the trustee's fees have been paid.

The trustee claims to have been of great service to the estate by not litigating certain questions arising in the course of his trusteeship. The Court is of the opinion that the services of the trustees have been of value to the estate.

Fee of $2000 is allowed.

For complainant: Morgan & Morgan.

For respondents: Huddy & Moulton.

Karl Zimmerman vs. Jonathan Andrews, Sheriff, et als. Eq. No. 10118.

June 3, 1930.

CAPOTOSTO, J. Heard on demurrer to bill of complaint. The only ground urged is that the complainant has an adequate remedy at law.

The bill sets out a case which, if proven, entitles the complainant to relief. To deny him protection in equity would result in multiplicity of suits, serious inconvenience, and uncertainty of result.

The remedy at law is not an "adequate". remedy under the facts set out in complainant's bill.

Demurrer overruled.

For complainant: E. C. Stiness.

For respondents: Joseph C. Cawley.

Mary A. Corey vs. Joseph H. Corey Div. No. 24210.

June 3, 1930.

CAPOTOSTO, J. Divorce from bed and board. Heard on its merits.

The petitioner has failed to substantiate her case by the degree of proof necessray to entitle her to a decision. I find no preponderance of evidence in her favor. Even though the husband may have been at fault, the

petitioner's conduct was not what is ordinarily to be expected. Her demeanor on the witness stand was in marked contrast to that of her husband. She was reckless in her statements; he was conservative, and apparently sincere. To justify her own conduct as to certain marital relations she did not hesitate to insinuate the existence of a condition which was not established by evidence and which was specifically denied by the husband. The petitioner's main concern was money compensation rather than the resumption of the family ties. Fortunately no children are to be considered.

In the opinion of the Court the petitioner's case, resting as it does upon her own uncorroborated statements, has not been proven by sufficient credible testimony.

Petition denied and dismissed.

For petitioner: Thomas F. Vance.

For respondent: James H. Kiernan.